The Honorable Bruce Hawkins State Representative 211 East Church Street Morrilton, AR 72110-3419
Dear Representative Hawkins:
This is in response to your request for an opinion on the following question:
 Would it be considered a conflict of interest if the prosecutor of a county, who is in charge of representing a county in a civil matter, also represented an elected official that might be involved in the same civil suit?
The question of whether a conflict of interest exists is a question that must be addressed on a case-by-case basis, with reference to all of the particular facts and circumstances at hand. The prosecuting attorney's representation of the county and an elected official may or may not constitute a conflict, depending upon the facts in each case.
The term "conflict of interest" has particular significance in the context of legal representation.[1] The general rule governing conflicts of interest is set forth in Rule 1.7 of the Model Rules of Professional Conduct. See also Model Rules of Professional Conduct, Rule 1.9 (entitled "Conflict of Interest: Former Client). Rule 1.7 states as follows:
 (a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
 (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
(2) each client consents after consultation.
 (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:
 (1) The lawyer reasonably believes the representation will not be adversely affected; and
 (2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.
See also generally First Am. Carriers, Inc. v. Kroger Co.302 Ark. 86, 787 S.W.2d 669 (1990) (discussing Rules 1.7 and 1.9).
It is thus apparent that your question cannot be answered with a simple "yes" or "no," but rather, will require an analysis of whether the facts of a particular case implicate a conflict of interest under the Model Rules.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] It must be noted in this regard that as stated in Op. Att'y Gen. 94-067, according to my research there is no state statute providing that the prosecuting attorney is the legal counsel in every civil action involving the county. Your question appears to assume, however, that the prosecutor represents the county. I thus assume that this representation is addressed by local resolution or ordinance.